IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NOLVIA IRIS RIVERA RIOS        :

   v.                          :   Civil Action No. DKC 23-1140

WINNERS AUTO SALE, LLC d/b/a   :
Winners Auto Sales             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Federal Odometer Act case is an uncontested motion for attorneys' fees and costs filed by Nolvia Iris Rivera Rios ("Plaintiff") against Winners Auto Sale, LLC ("Defendant"). (ECF Nos. 53, 54). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for attorneys' fees and costs will be granted in part.

**I.  Background**

Additional background can be found in the memorandum opinions issued April 26, 2024 (ECF No. 38) and July 16, 2024 (ECF No. 51). Under the Federal Odometer Act, a successful plaintiff can recover three times his or her actual damage, or $10,000, whichever is greater, and attorneys' fees and costs. 49 U.S.C. § 32710(a)-(b). In its July 16, 2024 memorandum opinion and order, this court found that Plaintiff has not proven actual damage under the Federal Odometer Act, so Plaintiff is entitled to $10,000 and attorneys'

fees and costs. (ECF Nos. 51, 52). Plaintiff has now filed a motion for attorneys' fees and costs. (ECF No. 53). Defendant has not responded, and the time to do so has passed.

## II. Standard of Review

The Federal Odometer Act provides that "[t]he court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person." 49 U.S.C. § 32710(b). The payment of attorneys' fees to those who prevail on a Federal Odometer Act claim is mandatory. "Although the district court has broad discretion in awarding attorney's fees, it must 'clearly explain its reasons' for choosing a figure." *Nelson v. Cowles Ford Inc.*, 77 F.App'x 637, 644 (4th Cir. 2003) (quoting *Craig v. Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds by Gisbrecht v. Barnhart*, 535 U.S. 789 (2002)).

"The proper calculation of an attorney's fee award involves a three-step process. First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). "Next, the court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.' Finally, the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed

2

by the plaintiff.'" *McAfee*, 738 F.3d at 88 (quoting *Robinson*, 560 F.3d at 244).

In assessing the reasonableness of hours expended and rate charged, the United States Court of Appeals for the Fourth Circuit has instructed district courts to apply the factors as set out in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). *McAfee*, 738 F.3d at 88. The *Johnson* factors as listed by the Fourth Circuit are as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*McAfee*, 738 F.3d at 88 n.5 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).

## III. Analysis

### A. Attorneys' Fees

As has been stated before:

> "[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate." *Robinson*, 560 F.3d at 244 (quoting

> *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990)). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award," including, for example, "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Id.* at 244, 245 (internal quotation marks omitted).

*Morales v. LS Carpentry LLC*, No. 22-CV-2507-DKC, 2023 WL 6517710, at *2 (D.Md. Oct. 5, 2023). Additionally, the Local Rules provide that memoranda in support of motions for attorneys' fees must include, among other things, "a detailed description of the work performed broken down by hours or fractions thereof expended on each task." Local Rule 109(2)(b). An appendix to the Local Rules provides guidance on reasonable hourly rates, depending on years of experience. Local Rules, App'x B.[1]

---

[1] Under the Local Rules guidance, the rates are as follows:
   a. Lawyers admitted to the bar for less than five (5) years: $150-225.
   b. Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.
   c. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.
   d. Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.
   e. Lawyers admitted to the bar for twenty (20) years or more: $300-475.
   f. Paralegals and law clerks: $95-150.

Local Rules, App'x B.3.

Plaintiff requests the following hourly rates for attorneys who worked on this case:

- Kristi Kelly: $550 (18 years of experience)
- Pat McNichol: $525 (around 11 years[2] of experience)
- Casey Nash: $525 (around 12 years[3] of experience)
- Paralegals Natalie Cahoon, Olga Macias, and Ada Beltran: $225

(ECF No. 54-1, at 1-5).

Although these rates are considerably higher than the rates listed in Local Rules Appendix B, Plaintiff asserts that the rates are reasonable given the years of experience and achievements of the attorneys and paralegals. (ECF No. 54-1, at 1-5). Plaintiff also attached a declaration from Matthew Vocci, an experienced local attorney, to support the reasonableness of the attorneys' rates. (ECF No. 54-2).

Although Plaintiff asserts that the attorneys spent 143.3 hours litigating the case for a lodestar amount of $66,902.50, Plaintiff requests $30,000 in attorneys' fees. (ECF 54, at 5-6). As noted above, Plaintiff's hourly rates are considerably higher

---

[2] Plaintiff's motion does not provide when Pat McNichol was admitted to the bar, but a declaration attached to the motion states that Pat McNichol started working as a litigation associate in 2013, approximately 11 years ago. (ECF No. 54-2, at 4).

[3] Plaintiff's motion does not provide when Casey Nash was admitted to the bar, but the motion states that Casey Nash graduated law school in 2012, approximately 12 years ago. (ECF No. 54-1, at 6).

5

than the guidance in the Local Rules. When calculated using the high end of the guidelines, however, Plaintiff's lodestar amount is approximately $45,185. Therefore, Plaintiff's requested attorneys' fees of $30,000 are significantly lower than the guidelines set out in this court's Local Rules.

Additionally, the 143.3 hours spent include work done over a substantial amount of time, from December 2022 through September 2024. (ECF No. 54-1, at 13-42). These hours include motions for default judgments, preparation for hearings, and multiple briefs. (ECF No. 54, at 1). Plaintiff recognizes that her case was straightforward and did not involve novel or difficult questions, but she argues that litigation was prolonged because of Defendant's delays and unwillingness to cooperate. (ECF No. 54, at 2-4, 10).

The court can reduce the attorneys' fees awarded based on the amount recovered. *McAfee*, 738 F.3d at 88 n.5 (citing *Barber*, 577 F.2d at 226 n.28). While Plaintiff acknowledges that she only recovered $10,000, the minimum amount under the Federal Odometer Act, Plaintiff already reduced her fee request by more than half. (ECF No. 54, at 4, 9).

Although Plaintiff prevailed on her overall claim under the Federal Odometer Act, she failed to prove actual damages. (ECF No. 51, at 7). Therefore, the hours billed for preparation for the June 20, 2024 evidentiary hearing on actual damages did not add to "the degree of success enjoyed by the plaintiff." *McAfee*,

738 F.3d at 88 (quoting *Robinson*, 560 F.3d at 244). Adding up the time entries on Plaintiff's timesheets from June 12, 2024 through June 28, 2024, the attorneys and paralegals billed approximately $14,535 for work related to the June 20, 2024 evidentiary hearing. (ECF No. 54-1, at 38-39). Therefore, $14,535 should be subtracted from Plaintiff's original lodestar of $66,902.50, for a revised lodestar of $52,367.50.

Next, the court finds it appropriate that Plaintiff voluntarily reduced her requested attorneys' fees, considering the relative straightforwardness of the legal issues and the minimum recovery obtained. Plaintiff requested approximately 44.84% of her lodestar attorneys' fees.[4] Therefore, the court will award Plaintiff approximately 44.84% of the revised lodestar of $52,367.50, for a total of $23,481.59 in attorneys' fees. Accordingly, the fees requested will be granted in part.

**B. Costs**

Plaintiff also seeks to recover $2,829.03 in costs: $1,250.00 for translation services for the June 20, 2024 hearing; $57.94 for a witness fee for Olalekan Isaac-Abiola; $402.00 to file the complaint; $1.60 for a copy charge; $75.00 for service of process; $5.30, $11.60, $0.90, and $16.50 for research; $415.00 for a courier service; $26.68, $26.11, and $26.06 for Federal Express;

---

[4] $30,000, Plaintiff's reduced attorneys' fees request, is approximately 44.84%. of $66,902.50.

7

$44.99 for a CarFax report; $32.51 for travel to the September 8, 2023 hearing; $172.94 for travel to the June 20, 2024 hearing; $8.00 for Wi-Fi; and $255.90 for the JAMS arbitration filing fee. (ECF No. 54, at 9-10). In support of Plaintiff's request, she includes an itemized list detailing each cost, the date incurred, and the amount. (ECF No. 54, at 9-10). Defendant has not filed an opposition to these costs.

Under the Federal Odometer Act, a court "shall award costs" to a successful party. 49 U.S.C. § 32710(b). Under 28 U.S.C. § 1920, costs include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Additionally,

> [T]he Fourth Circuit explained that costs charged to losing defendants may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course

8

> of providing legal services." [*Spell v. McDaniel,*] 852 F.2d 762, 771 (4th Cir. 1988) (internal quotations omitted). Types of costs charged to losing defendants include "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez* [*v. J.T.T. Enters. Corp.*, No. 06-68-JKS], 2010 WL 3385362[, at] *7 [(D.Md. Aug. 25, 2010)] (citing *Vaughns v. Bd. of Educ. of Prince George's County,* 598 F.Supp. 1262, 1289–90 (D.Md. 1984)).

*Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 644 (D.Md. 2012) (finding that some of plaintiffs' requested costs in a Fair Labor Standards Act case were reasonable). The Local Rules provide that "[g]enerally, reasonable out-of-pocket expenses (including long-distance telephone calls, express and overnight delivery services, computerized online research, and faxes) are compensable at actual cost." Local Rules, App'x B.4.

Several of the costs that Plaintiff requests are compensable under 28 U.S.C. § 1920, including translation services, the witness fee, the filing fee, and copy charges. Additionally, Plaintiff lists "Service of Process for Complaint" on May 1, 2023, as $75. (ECF No. 54-1, at 8). However, the proof of service document filed in this case shows that the service processor's fees were $24.00, so Plaintiff will be awarded $24.00 for this cost. (ECF No. 3).

Other costs not covered under section 1920 are compensable as part of attorneys' fees for "reasonable out-of-pocket expenses." Here, Plaintiff's costs for research, the courier service, Federal

9

Express, the CarFax report and Plaintiff's "Travel to September 8, 2023 Hearing" for $32.51 will be compensated as reasonable and necessary litigation expenses. (ECF No. 54, at 9).

However, Plaintiff's "Travel to June 20, 2024 Hearing" for $172.94 was not a reasonable expense because, as discussed above, Plaintiff failed to prove actual damages at the evidentiary hearing. Because Plaintiff cannot recover attorneys' fees for this hearing, she also cannot recover travel fees for this hearing. Additionally, Plaintiff has not explained why Wi-Fi should be included as a litigation expense, and without a specific reason, Wi-Fi is an overhead cost that is not recoverable. Lastly, the "JAMS Arbitration Filing Fee" on January 13, 2023, for $255.90 is not a cost of litigation; rather, it is a pre-litigation expense. Therefore, Plaintiff cannot recover this cost.

Accordingly, the costs requested will be granted in part, for a total of $2,341.19 in costs.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for attorneys' fees and costs will be granted in part. A separate order will follow.

                                                        /s/
                                  DEBORAH K. CHASANOW
                                United States District Judge